Marsh,am,
 
 Ch.. J.
 

 delivered the opinion of the Court US follows :
 

 y/;[)¡arr. Little, a naturalized citizen of the Unifed States, entered into' a charter-party with Magnus Martinson, master 6f the Swedish ship, called the Societe, at London, on the 10f!i day of November, 1813, whereby the said Martinson let, and the said Little took the said ship to freight for the voyage and.’ on the terms mentioned in the charter-party.
 

 It was agreed; among other things, that the vessel should take on hoard a cargo, prepared for her in the Thames, and doliver it at Amclip, Island, freight free. At Amelia Is!end she was to take on -board such return cargo as might be tendered to her. If she Could not be leaded there, she ivas to proceed to such port in the
 
 *211
 
 United States as tlie agent of Little,should direct, and there receive her cargo. There were other provisional stipulations, and it was agreed that the freight on the return cargo should be a sum specified in the charter-party, which exceeded what would have been paid as freight on the return cargo alone had it been unconnected with the outward voyage.
 

 On her voyage to Amelia Island, the Societe was captured by an armed vessel of the United States, and brought into the district of Georgia, where the cargo was libelled and condemned as enemy property:
 

 A claim for freight was interposed by the master of the Societe, and the district'judge appointed commissioners to ascertain the value of the freight on the voyage to Amelia Island, and .decreed freight conformably to their report.
 

 The, Claimant of the cargo and the master of the ship both appealed to the Circuit Court, where the sentence of the district judge was, in ail things, affirmed. From that sentence an appeal was prayed to this Court.
 

 The cases already decided in this Court on the questions of domicil and trading with the enemy having completely settled this case, so far as repected the claim to the ca>-go, that part of the sentence is affirmed without opposition.
 

 On the part of the master, it is contended, that his right to freight ought to be measured by his charter-party, not by any estimated value, of the freight on the voyage to Amelia Island.
 

 .Had the charter-party contained any stipulation for freight to Amelia Island, that stipulation would unquestionably have governed the Court. B,ut the outward cqrgo was to be delivered freight free. So far, then, as the case is controlled by the express stipulations-of the charter-party, the vessel is entitled to the whole freight dm, a return cargo never taken on board, or to nothing.
 

 The Court knows of • no case of capture where the
 
 *212
 
 neutral vessel has been allowed freight for a cargo not, taken with her. There is no lien on one. cargo for freight''which may accrue on another. The Court can perceive no principle on which a cargo, to be delivered freight free can be burthened with the freight agreed to be paid on a cargo to be afterwards taken on board» In this casé, too, no sum in gross is to be paid fm-freight, but a sum depending on tiie quantity and quality of the return cargo. ' As between the captor and neutral owner,, the Court cannot consider this as oné entire voyage, but as distinct outward and inward voyages.
 

 If the cláim to freight on the return voyage, not com- . inenred at the time of capture, cannot be sustained, the Court perceives
 
 no
 
 other rule which
 
 could have
 
 been adopted than that .which the, district Court did adopt. Freight has been allowed bri the whole voyage to Amelia island as on a
 
 quantum meruit.
 

 The captors not having appealed, no question can arise on the propriety of haying allowed the ship any freight whatever. 7'be Court, however, will say that it is satisfied with the allowance which is made,, and which is certainly an equitable one.
 

 The sentence Í3 affirmed with costs.
 

 The officers of the Rattlesnake and Enterprize, armed vessels of the. United States, offered a'petition to this Court to be permitted to claim for themselves and their crew a share of the prize in the case of the Societo ; alledging that they are entitled equally with t.he officers and crew of the Gun-boat by whom the said cargo was libeljed ; which petition was rejected, and the claim was not'received ; it being the opinion of this Court that the-claim of the petitioners must be made in the Circuit Court, to. which the cause is remanded.